1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                         **DISTRICT OF NEVADA**

7                                 * * *

8    UNITED STATES OF AMERICA,           )    Case No.: 2:12-cr-00400-APG-GWF
                                         )
9                   Plaintiff,           )
                                         )
10       vs.                             )
                                         )
11   STEVEN E. JONES, THOMAS A. CECRLE,  )
     JR., CONSTANCE C. FENTON, TERRY J.  )
12   WOLFE, MARK L. HANSEN, and ASHLEE   )
     M. MARTIN,                          )
13                                       )
                    Defendants.          )
14   _____)

15

16                              **O R D E R**

17          Before the Court is Defendant Thomas Cecrle Jr.'s Appeal (#85) from the Magistrate

18   Judge's Order (#73) denying Defendant Cecrle's Motion to Reconsider Order of Pretrial

19   Detention.  The Court has considered the Appeal, the Government's Opposition (#87), and

20   Defendant's Reply (#93).  For reasons discussed below, the Appeal is denied and the Magistrate

21   Judge's Order is affirmed.

22   **I.      BACKGROUND**

23          On October 24, 2012, Defendant Cecrle was indicted and charged in a twenty count

24   indictment along with five other defendants.  On November 2, 2012, Cecrle appeared before the

25   Magistrate Judge for his initial appearance and detention hearing.  The Court found that the

26   Government had met its burden of showing by clear and convincing evidence that Cecrle is a

                                         1

danger to the community and by a preponderance of the evidence that he is a flight risk. *See*

Order of Detention (#29). In reaching this conclusion, the Court noted:

> The defendant lacks property, financial or employment ties to the community. The defendant's prior criminal history record reflects two prior felony convictions, eight prior misdemeanor convictions, seven prior failures to appear, and two probation violations or revocations. Additionally, the Pretrial Services Report indicates that the defendant frequently uses methamphetamine socially. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably protect the community against the risk of danger posed by the defendant or assure the defendant's appearance at future court proceedings.

*Id.* Thus, Cecrle was ordered detained pending trial.

Subsequently, Cecrle moved to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). The Magistrate Judge reviewed the information and arguments provided by Cecrle and the Government, and concluded that Cecrle's proffered information was not new and material. For that and other reasons set forth in the Order, the Magistrate Judge denied Cecrle's Motion. This Appeal ensued.

## II. DISCUSSION

### A. Legal Standard

A defendant may appeal an Order of detention to the district court having original jurisdiction over the offense. Specifically:

> (b) Review of a detention order.--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The Court reviews the Magistrate Judge's Order *de novo. United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). "The Court must 'review the evidence before the magistrate' and any additional evidence submitted by the parties, 'and make its own independent determination whether the magistrate's findings are correct, with no deference.'" *Id.* (quoting *Koenig*, 912 F.2d at 1193).

/ / /

/ / /

## B. Reconsideration of the Detention Order

The Bail Reform Act of 1984 "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Id.* The Bail Reform Act, 18 U.S.C. § 3142(f), provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The information provided by Cecrle in his earlier Motion (#58) and Appeal (#85) is not new and material. At the time of his initial appearance, Cecrle knew about his family situation, which is described at length in his Appeal and supporting Exhibits. To the extent that the specifics of his family situation may have changed since the date of his initial appearance, those changes are not sufficiently material to justify release from detention.

Title 18 U.S.C. § 3142(g) requires the Court to consider four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

### 1. Nature and Circumstances of Offense Charged

Cecrle is charged with twenty separate felony offenses, including conspiracy, wire fraud, securities fraud, and money laundering. The Government contends that Cecrle played a "critical role" in the alleged decade-long fraudulent scheme, which reaped millions of dollars. Cecrle faces significant prison time if convicted on these charges. *See United States v. Parodi*, CR-08-

3

0083 PJH, 2008 WL 683421, at *2 (N.D. Cal. Mar. 7, 2008) (a "defendant's financial condition and the length of sentence he or she faces are of particular importance in assessing the risk of flight"). This factor weighs against his release.

### 2.    Weight of Evidence Against Defendant

This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Thus, "[a]lthough the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.* (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id.* Accordingly, factor two "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.* (citing 18 U.S.C. § 3142(g) (remaining citation omitted)). Cecrle does not offer any new or material information in his Appeal or Reply to support weighing this factor in his favor.

### 3.    History and Characteristics of Defendant

Under 18 U.S.C. § 3142(g)(3), courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407.

While Cecrle contends that he has strong family ties to the community which nullify any belief that he is a flight risk, his past criminal history and "record concerning appearance at court proceedings" weigh against him. Cecrle had been convicted of at least 10 state court offenses. Moreover, he has previously violated court-imposed probation on more than one occasion, and failed to appear in court seven times. *See Reply* (#93) at 3:1-12; *see also Detention Order Pending Trial* at p. 2. Cecrle attempts to downplay this criminal history as minor and remote in time, but it evidences a disregard for the legal system, and calls into question his willingness to

4

abide by conditions of release.  Moreover, he has no job, he has not been employed for more than 10 years (other than through the fraud scheme alleged in the Indictment), and admits that he has few job prospects given his age. *See Appeal* (#85) at 8:17-23.  He does not appear to have financial resources.  Factor three weighs against his release.

### 4. Nature and Seriousness of Danger to any Person or the Community that would be Posed by Defendant's Release

At the November 2, 2012 detention hearing, the Magistrate Judge determined that Cecrle poses a substantial risk of danger to the community and a substantial risk of nonappearance.  The evidence and arguments presented in Cecrle's Appeal and Reply are not new.  Perhaps more importantly, these arguments and evidence, and the suggestions of less restrictive pretrial alternatives, are not persuasive.  Cecrle poses a danger to the community and a substantial risk of nonappearance. This factor therefore weighs against pretrial release.  There are no conditions or combination of conditions that the Court could fashion that would reasonably protect the community against the risk of danger posed by Cecrle or assure his appearance at future court proceedings.

For the foregoing reasons, the Magistrate Judge's Order (#73) is affirmed in regards to the Magistrate Judge's decision regarding Cecrle's pretrial release under the Bail Reform Act.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Appeal (# 85) is DENIED.

DATED this  7th  day of May, 2013.

**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**